[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISQUALIFY COUNSEL FOR DEFENDANT
The plaintiff was a union employee of a local school system. Her position was eliminated and she requested union representation regarding continued employment with the school system. The plaintiff met with the school attorney she seeks to disqualify during her negotiations with the school authorities. He is counsel for the union. The present suit has been brought against the union for failure to satisfy its duty of fair representation. The union attorney previously reference to now represents the union in this case. The plaintiff has moved to disqualify the attorney for the defendant pursuant to Rules 3.7 and 1.9 of the Rules of Professional Conduct.
Rule 3.7
The plaintiff claims that the attorney should be disqualified pursuant to Rule 3.7. She says the attorney may be called as a witness to "highly relevant" matters regarding her claim of bad faith representation. She met with him twice during her dispute with school authorities; he allegedly gave her specific advice. The plaintiff's claim that she may call the attorney as a witness goes beyond mere speculation and since he represented the union throughout the period of time during which the plaintiff claims the union wasn't fairly representing her, there appears to be a reasonable basis for the court to consider the propriety of a Rule 3.7 disqualification.
The mere fact that an opposing party may call a lawyer to testify at trial may disqualify that particular lawyer from representing the client at trial but it does not necessarily disqualify a member of the lawyer's firm from representing the client at trial. The commentary to Rule 3.7 makes that clear. The entire firm would be disqualified only if there is a conflict of interest under Rule 1.7 or Rule 1.9. If there is, the entire firm would be disqualified through an application of Rule 1.10. However absent a finding of such a conflict of interest then Rule 3.7 would not bar another member of the firm from representing the defendant at trial even though one of the lawyers in the firm is to be called at trial. That's CT Page 6099 so because them the rule's concern is with the trial and the perceived harm to be avoided is the fact that the lawyer would be in the position of arguing his or her own credibility to the trier of fact. Representation at the trial by another lawyer in the same firm as the lawyer who is to be called as the witness would obviate that problem.
The central problem raised by this motion to disqualify then arises under Rule 1.9 of the Rules of Professional Conduct.
Rule 1.9
A much more difficult problem is presented under Rule 1.9. Counsel for the defendant points out that although the plaintiff did meet with him, the conferences were authorized by and paid for by the union. Union officials participated in such conferences. He argues that the complaint acknowledges he represented the union and points out that Rule 1.9 is concerned with attorney-client relationships. When a union attorney renders legal services relative to the bargaining process an attorney-client relationship is not created. The union is the client, Peterson v. Kennedy 771 F.2d 1244, 1258 (1985).Peterson was concerned with the union members right to sue the union lawyer for malpractice. The court held this could not be done, the remedy was against the union for violation of the duty of fair representation. Peterson did not deal specifically with the problem now before the court; it held a malpractice action couldn't be brought against the union lawyer because there was no attorney-client relationship with the union member but it did recognize that "the attorney may well have certain ethical obligations to the grievant (union member)", id. page 1258.
Rule 1.9 is concerned with conflicts of interest in the representation of former clients. The rule states that a lawyer who formerly represented a client in a matter should not
 "(a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
CT Page 6100
 (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or where the information has become generally known.
As Professor Wolfram points out in Modern Legal Ethics at § 7.4 pp. 358 et seq the values this rule is concerned with protecting are (1) the client's right to have his or her confidences preserved and (2) upholding the so-called "loyalty principle." I suppose this means the apparent impropriety that would be presented if lawyers are perceived as switching sides.
(1)
Confidentiality Principle
The lawyer whom the plaintiff now seeks to disqualify represented the union during the discussions he had with the plaintiff regarding the threatened actions of management. The plaintiff seems to have been well aware of this and does not claim that the lawyer explicitly indicated to her that he was representing her. Thus, it could be argued that no attorney-client relationship ever existed between the lawyer and the plaintiff. Therefore, the argument goes, a basic prerequisite for Rule 1.9 disqualification can't be met — the lawyer never "represented" the plaintiff so he certainly can't be precluded from representing the union in the plaintiff's claim against the union even though it is substantially related to the matter about which the plaintiff sought assistance from the union initially.
It can be argued that is too limiting to require the existence of an actual contract of employment or agency relationship before an attorney-client relationship is found for Rule 1.9 purposes. A more "subjective" approach is outlined in Westinghouse Electric Corp. v. Kerr McGee Corp.580 F.2d 1311, 1316 et seq. (1978), also see TrinityAmbulance Service, Inc. v. G L Ambulance Services, Inc.578 F. Sup. 1280, 1283 (D.Conn. 1984) (Cabranes, J.). A law review article notes that: "Under this approach, the court looks to the nature of the work performed and to the circumstances under which the confidences were divulged. For instance, if the work performed by the attorney was within his professional capacity as a legal advisor, an attorney-client relationship CT Page 6101 would be established, and the attorney would owe a fiduciary duty to the client. Legal consultation occurs when the clientbelieves that he is approaching an attorney in a professional capacity with a manifest intent to seek professional legal advice. Thus the deciding factor is what the prospective client thought when he made the disclosure, not what the lawyer thought!", "Conflict of Interest in the Legal Profession", 94 Howard Law Review 1244, 1321 (1981).
Later in the article it goes on to note that the "Courts have sought to place limits on the openendedness of the subjective definition. One such limit is that the client's belief that the attorney is representing or advising him (sic) in a professional capacity be reasonable", id pp. 1322-1323.
Even if it is assumed that the principles referred to inWestinghouse and set forth in this article apply here and further assuming that the plaintiff's belief the lawyer here was representing her was reasonable, I have problems with saying that Rule 1.9 should apply because of "confidentiality concerns. The brief attached to her motion to disqualify makes clear that at the two meetings the plaintiff had with the lawyer, union representatives were present. A letter she sent the lawyer setting forth her position was mailed about three weeks after the first meeting but three weeks before the second meeting. About a month after the last meeting she sent a "courtesy copy" of a letter to the lawyer but this letter had been sent previously to the union president. The "specific advice regarding her continued employment" given by the lawyer was given in the presence of union representatives.
Under these circumstances any communications between the plaintiff and the lawyer even though union representatives were present might be privileged as to the outside world, McCormick On Evidence, Vol. I; 91 p. 335 (attorney-client privilege). But there has been a falling out and the plaintiff is actually suing the union for inadequately representing her; as McCormick notes the privileges is therefore inapplicable. If it is inapplicable to prevent use by the union it should be inapplicable to the union attorney who represented the union at these meetings and whose "advice" was part and parcel of the union action or lack of action which form the basis of the plaintiff's present claim against the union. CT Page 6102
But even if the communications made to the lawyer were held to be confidential they may still be subject to being revealed in this case concerning the lawyer's representation of the client. Rule 1.6 may also have a bearing on this issue. That rule concerns itself with the "Confidentiality of Information" and indicates in section (d) that a lawyer may reveal such information to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a . . . civil claim against the lawyer based upon conduct in which the client was involved or to respond to allegations in any proceeding concerning the lawyer's representation of the client."
Admittedly this specific suit is against the union not the lawyer but given the present nature of this action the plaintiff would be hard put to justify a claim of confidentiality of communications where any communications would seem to have a direct bearing on the claim against the union acting through the lawyer and its other agent for their inadequate representation. In a case similar to this, a court refused to disqualify the union lawyer form representing the union Griesemer v. Retail Store Employees Union, Local 1393 etal, 482 F. Sup. 312 (E.D. Penn, 1980). That court also pointed out that disqualification "would require every labor union to retain several law firms to handle specific areas of potential litigation or proceedings in which the union may become embroiled." Id p. 315.
(2)
The so-called "Loyalty Principle" discussed by Professor Wolfram is not really applicable here. He explains that one reason to permit disqualification is to prevent what is perceived as disloyalty to a former client. He discussed two scenarios in addition to the disclosure of confidential information.
One involves a situation where there is "treachery to the former client's continuing trust". He cites the example of a lawyer introducing a former client to a new client recommending the new client's trustworthiness or business acumen. The former client is entitled to assume that his or her former lawyer is a trustworthy protector of his or her interests in future dealings and is not dealing at arms length unless it's made clear. CT Page 6103
Another form of treachery or disloyalty is a situation where a lawyer represents a party and accepts as a client a party whose interests are antagonistic to the first client.
As Wolfram points out the former client rule (as embodied in Rule 1.9) protects more than confidentiality "it was also intended to protect justified client expectations of lawyer loyalty," see above Wolfram cite at § 7.4.2(b) pp. 360 et seq.
But even applying the subjective approach of WestinghouseElectric Corp. v. Kerr-McGee Corp., supra, to bring the plaintiff within the mantle of protection as a "former client" it would be unreasonable to permit the plaintiff here to rely on a claim of disappointed expectations of loyalty to disqualify this lawyer.
The plaintiff's union affiliations antedated the facts and circumstances that form the basis of the plaintiff's complaint. It can't be claimed that the lawyer initiated that relationship. Also there is no claim that the plaintiff was not aware that this lawyer was representing the union no matter what advice he might have given her. In a claim of lack of fair representation, how could a plaintiff union member claim that during the period of representation she could have reasonably expected that one of the union representatives she was dealing with — here its lawyer — would owe her a duty of loyalty if any later dispute broke out as to the quality of that representation? Union representatives were present at the very meetings where the lawyers discussed the plaintiff's claims.
For all of these reasons the motion to disqualify is denied. However, the Court is concerned about the propriety of the lawyer representing the union before the trier of fact. It would seem some other member of his firm should fill that role since his credibility may well be in issue. This matter should be finally resolved by the trial judge and in part depends on a good faith representation by the plaintiff that she intends to call the lawyer to testify and a similar representation by the lawyer as to whether he intends to testify for the union.
As noted, however, the motion for disqualification is denied. CT Page 6104
Corradino, J.